Mr. Rene G. VanDeVoorde General Counsel Sebastian Inlet Tax District 1327 N. Central Avenue Post Office Box 308 Sebastian, Florida 32958-0308
Dear Mr. VanDeVoorde:
This is in response to your request for an opinion on substantially the following question:
 ARE COMMISSIONERS OF THE SEBASTIAN INLET TAX DISTRICT ENTITLED TO REIMBURSEMENT FOR TRAVEL ORIGINATING AT THEIR HOMES INCLUDING TRAVEL TO THE OFFICE FOR THE PURPOSE OF ATTENDING BOARD MEETINGS?
The Sebastian Inlet District is a special taxing district created in 1919 for purposes of constructing and maintaining the Sebastian Inlet, a waterway connecting the waters of the Atlantic Ocean with those of the Indian River. See, Ch. 7976, 1919, Laws of Florida. The commission is made up of five elected commissioners who serve without compensation except for expenses. Three of the commissioners are elected from Brevard County, two from Indian River County. In 1982, the special act creating the Inlet District was amended to require that at least 50 percent of the meetings of the commission held each year be held in Indian River County. See, s. 1, Ch. 82-307, Laws of Florida. You state that the Inlet Commission rents a small office in Melbourne, which is in Brevard County, where it keeps its records and holds some of its meetings. As required by Ch. 82-307 at least 50 percent of its meetings are held in Indian River County, usually at Sebastian City Hall or some other public building in Sebastian. You go on to state that much of the work of evaluating, supervising, observing conditions and work is done at the Inlet itself and occasionally meetings are held there at the Inlet. Therefore, you ask whether the commissioners would be entitled to travel expenses for travel originating at their homes, including travel to the district's headquarters, the office in Melbourne, for purposes of attending board meetings.
Section 8 of Ch. 82-307, Laws of Florida, provides: "The members of the commission shall serve without compensation, but shall be reimbursed for per diem and travel expenses in accordance with s.112.061, Florida Statutes." This office has consistently interpreted the provisions of s. 112.061, F.S., the uniform travel expense law, as authorizing reimbursement for travel expenses only for travel away from the official headquarters of the public officer or employee. See, e.g., AGO's 83-37, 77-123, 77-117, 76-56, and 74-132. Section 112.061(3)(b), F.S., provides that "[t]raveling expenses of travelers shall be limited to those expenses necessarily incurred by them in the performance of a public purpose authorized by law to be performed by the agency and must be within the limitations prescribed by this section." Section 112.061(4) provides that "[t]he official headquarters of an officer or employee assigned to an office shall be the city or town in which the office is located. . . ." Section 112.061(7)(d)2. in authorizing a mileage allowance for travel incurred on official business provides:
 All mileage shall be shown from point of origin to point of destination and, when possible, shall be computed on the basis of the current map of the Department of Transportation. Vicinity mileage necessary for the conduct of official business is allowable but must be shown as a separate item on the expense voucher.
This office stated in AGO 75-275 that reimbursable travel mileage should be computed on the basis of the distance from the point of origin city (headquarters city) to the city of destination, if possible by using the mileage shown on the official map of the Department of Transportation as provided in s. 112.061(7)(d)2. Thus, travel mileage is not available for travel from home to the office (headquarters). If the reimbursable travel commences from a city where the traveler resides which is different from his official headquarters, then reimbursable travel mileage should be calculated on the basis of the shorter distance when he travels directly from his home to the place where the official duties are to be performed, whether this is the actual distance traveled from the city of residence or the constructive distance from the headquarters city to the point of destination. See, AGO's 77-123 and 74-132 (mileage is computed on basis of the distance from the headquarters city to city in which duties are to be performed unless actual distance is shorter).
As can be seen, this statute applied to the circumstances and residential arrangement of the commissioners of the Inlet District can result in reimbursable travel mileage in variable amounts for different commissioners depending upon where the business of the district is conducted. No reimbursable travel mileage is available for any of the commissioners for travel originating at their homes to Melbourne (headquarters city) to attend board meetings. For board meetings held in Sebastian or at the Inlet itself, the reimbursable travel mileage is properly calculated on the basis of the shorter distance, whether this is the actual distance traveled from the city of residence or the constructive distance from the headquarters city to the point of destination, when he travels directly from his home to the place where the official duties are to be performed.
It is therefore my opinion that Commissioners of the Sebastian Inlet District are entitled to reimbursement for travel originating at their homes when the point of destination is other than the official headquarters of the district for purposes of attending board meetings. Such reimbursable travel expense is to be calculated on the basis of the shorter of the two distances — either from the traveler's residence or from his headquarters to the place where the official duties are to be performed.
Sincerely,
Jim Smith Attorney General
Prepared by:
Craig Willis Assistant Attorney General